Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 24, 2013, dismissing the complaint pursuant to an order, same court and Justice, entered on or about September 10, 2013, which granted defendants’ motion to dismiss the complaint, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff failed to allege facts that would satisfy the proximate cause element, namely, that “but-for” defendants’ alleged inadequate and ineffective representation of her in the underlying arbitration, she would have succeeded in demonstrating that her parents lacked an ownership interest in a contested family asset (see Lieblich v Pruzan, 104 AD3d 462 [1st Dept 2013]). Plaintiff stated that if defendants had introduced her parents’ personal income tax returns in the underlying arbitration proceeding, the arbitration panel would have had no choice but to consider them, credit their contents, and hold that the information contained therein (i.e., that the parents allegedly made no claim of an ownership interest in the contested family asset) was binding against the parents in accordance with the tax estoppel doctrine. The contention that mere submission of the parents’ personal income tax filings in the arbitration proceeding would necessarily have altered the arbitration panel’s determination regarding the parents’ ownership interest in the subject asset is grounded in speculation, and thus, insufficient to sustain a claim for legal malpractice (see e.g. AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 435 [2007]; Pellegrino v File, 291 AD2d 60, 64 [1st Dept 2002]).
Furthermore, even if the parents’ personal tax returns had been offered as evidence in the underlying arbitration, there was no basis to assume they would have been credited by the panel, in view of evidence suggesting the tax returns were prepared by accountants who relied upon information supplied by Bernadette Strianese who had interests which conflicted with *543 the parents’ ownership interests in the assets in dispute.
Concur—Mazzarelli, J.R, Friedman, Saxe and Feinman, JJ.