Denisco v Uysal (2021 NY Slip Op 04118)





Denisco v Uysal


2021 NY Slip Op 04118


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2019-07450
 (Index No. 708495/18)

[*1]Michael Denisco, respondent, 
v
Michael D. Uysal, etc., et al., appellants.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Mark K. Anesh, Mateo J. Vila, and Sarah A. Adam of counsel), for appellants.
Lance Ehrenberg (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher J. Soverow], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated May 2, 2019. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and denied the defendants' cross motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel for frivolous conduct.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
In August 2015, the plaintiff retained the defendants to represent him in connection with a claim for workers' compensation benefits based upon injuries allegedly sustained by the plaintiff in the course of his employment on July 30, 2015. At a hearing, the plaintiff testified that he was injured on a work site while performing construction work for his employer when he climbed a ladder and twice hit his head on a sprinkler, causing him to fall off the ladder and land on his back and neck. However, the insurance carrier defending against the claim presented evidence that the plaintiff was not injured in the course of his employment, but rather after he left work when he "jumped out of . . . a moving car." On February 19, 2016, the Judge who presided over the hearing denied the plaintiff's claim, finding that the plaintiff's injuries did not arise out of the course of his employment, and "were caused by an unrelated intentional injury." On September 16, 2016, the Workers' Compensation Board affirmed the determination to deny the plaintiff's claim.
In June 2018, the plaintiff commenced this action to recover damages for legal malpractice, alleging, inter alia, that the defendants failed to conduct adequate discovery, including contacting eyewitnesses to the alleged workplace accident, which resulted in the determination to deny his workers' compensation claim. Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated May 2, 2019, the Supreme Court, among other things, denied the defendants' motion. The defendants appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).
"A cause of action to recover damages for legal malpractice requires proof of three elements: (1) that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, (2) that such negligence was the proximate cause of the actual damages sustained by the plaintiff, and (3) that, but for the defendant's negligence, the plaintiff would have been successful in the underlying action" (4777 Food Servs. Corp. v Anthony P. Gallo, P.C., 150 AD3d 1054, 1055; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442). "To establish causation in a legal malpractice action, 'a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505, quoting Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848 [citations omitted]; see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 909-910).
Here, even accepting the facts alleged in the complaint, as amplified by the plaintiff's affidavit, as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), the plaintiff failed to plead specific factual allegations demonstrating that, but for the defendants' alleged negligence, there would have been a more favorable outcome on his workers' compensation claim (see Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504; Janker v Silver, Forrester & Lesser, P.C., 135 AD3d at 910). The plaintiff's allegations that the Judge who denied his workers' compensation claim and/or the Workers' Compensation Board would have credited certain evidence, including the testimony of alleged eyewitnesses, if such evidence had been presented by the defendants were speculative and conclusory (see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d at 910; Cusimano v Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 118 AD3d 542).
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court