York v Frank (2022 NY Slip Op 05738)

York v Frank

2022 NY Slip Op 05738

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2019-05288 
2019-11112
2019-11113
 (Index No. 700938/17)

[*1]Esther York, appellant, 
v
Donald Frank, et al., respondents.

Esther York, Holliswood, NY, appellant pro se.
Akerman LLP, New York, NY (Philip Touitou and Joseph G. Silver of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Laurence L. Love, J.), entered March 28, 2019, (2) an order of the same court entered September 16, 2019, and (3) a judgment of the same court entered September 19, 2019. The order entered March 28, 2019, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint. The order entered September 16, 2019, insofar as appealed from, denied the plaintiff's motion for leave to reargue her opposition to the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint. The judgment, upon the order entered March 28, 2019, is in favor of the defendants and against the plaintiff dismissing the amended complaint.
ORDERED that the appeal from the order entered March 28, 2019, is dismissed; and it is further,
ORDERED that the appeal from the order entered September 16, 2019, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order entered March 28, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On October 5, 1999, the plaintiff entered into a retainer agreement with the defendant Blank Rome, LLP, formerly known as Tenzer Greenblatt, LLP (hereinafter the law firm), to provide legal representation, inter alia, in a divorce action. The defendant Donald Frank, an attorney with the law firm, executed the retainer agreement on behalf of the law firm. The attorney-client relationship subsequently deteriorated, and in an order dated June 8, 2001, the Supreme Court, inter [*2]alia, granted that branch of the defendants' motion which was to withdraw as counsel for the plaintiff in the divorce action. On August 15, 2001, the plaintiff retained new counsel.
On June 2, 2004, the plaintiff commenced this action to recover damages for legal malpractice. Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint on the grounds, inter alia, that it was time-barred and that it failed to state a cause of action. In an order entered March 28, 2019, the Supreme Court, among other things, granted the defendants' motion to dismiss the amended complaint on the ground that it was time-barred. The plaintiff then moved for leave to reargue her opposition to the defendants' motion. In an order entered September 16, 2019, the court, inter alia, denied the plaintiff's motion for leave to reargue. In a judgment entered September 19, 2019, the court dismissed the amended complaint. The plaintiff appeals.
"An action to recover damages for legal malpractice must be commenced within three years from the accrual of the claim" (Farage v Ehrenberg, 124 AD3d 159, 163; see CPLR 214[6]). "Accrual is measured from the commission of the alleged malpractice, when all facts necessary to the cause of action have occurred and the aggrieved party can obtain relief in court, regardless of when the operative facts are discovered by the plaintiff" (Farage v Ehrenberg, 124 AD3d at 164 [citations omitted]; see Shumsky v Eisenstein, 96 NY2d 164, 166). The doctrine of continuous representation tolls the three-year statute of limitations "for the period following the alleged malpractice until the attorney's continuing representation of the client on a particular matter is completed" (Farage v Ehrenberg, 124 AD3d at 164).
Here, the defendants failed to establish, prima facie, that the action was commenced more than three years after the plaintiff's claims alleging legal malpractice in connection with the divorce action accrued. The plaintiff commenced this action by filing a summons with notice on June 2, 2004 (see CPLR 304(a); Jones v Bill, 10 NY3d 550, 554; LeBlanc v Skinner, 103 AD3d 202, 208). Based on the defendants' submissions, the parties' attorney-client relationship did not end until at least June 8, 2001, when the Supreme Court granted that branch of the defendants' motion which was to withdraw as counsel for the plaintiff in the divorce action (see Tulino v Hiller, P.C., 202 AD3d 1132, 1135; Garafalo v Mayoka, 151 AD3d 1018, 1019; Farage v Ehrenberg, 124 AD3d at 165). Thus, in this action, the Supreme Court should not have granted dismissal of the amended complaint on the ground that it was time-barred.
Although the Supreme Court did not address the defendants' contention that the amended complaint should be dismissed pursuant to CPLR 3211(a)(7) for failure to state a cause of action, we reach that issue as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-546; Kauffman v Turner Constr. Co., 195 AD3d 1003, 1005).
"On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, the pleading is to be afforded a liberal construction" (Farber v Breslin, 47 AD3d 873, 876; see Bernhardt v Schneider, 190 AD3d 919, 920). To state a valid cause of action alleging legal malpractice, the plaintiff must plead sufficient facts to "show that an attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (McCoy v Feinman, 99 NY2d 295, 301 [internal quotation marks omitted]; see Ackerman v Kesselman, 100 AD3d 577, 579). The "plaintiff must [also] show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence" (Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 823). In addition, the plaintiff must plead actual and ascertainable damages that resulted from the alleged legal malpractice or that "might be reasonably inferred" (id. at 823; see McCoy v Feinman, 99 NY2d at 301-302; Hall v Hobbick, 192 AD3d 776, 778).
Here, the plaintiff failed to plead sufficient facts to state a cause of action alleging legal malpractice in connection with the divorce action. The plaintiff's allegations as to how the Supreme Court might have ruled had her attorney moved ex parte for an order of preclusion were speculative (see Denisco v Uysal, 195 AD3d 989, 991). Moreover, the plaintiff's allegations that the failure of the defendants to make such an application constituted negligence were conclusory (see [*3]Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1506; Hashmi v Messiha, 65 AD3d 1193, 1194-1196). Further, the plaintiff's allegation that she sustained actual and ascertainable damages as a result of the defendants' negligence also was conclusory and speculative (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847-848). In sum, "the conclusory allegations of the [amended] complaint failed to adequately plead specific facts to establish that, but for the defendants' alleged negligent conduct, the outcome in the underlying action would have been any more favorable to the plaintiff[ ], or that the plaintiff[ ] would not have incurred any damages" (Kahlon v DeSantis, 182 AD3d 588, 589; see Denisco v Uysal, 195 AD3d at 991; Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 910; Hashmi v Messiha, 65 AD3d at 1195; cf. McCoy v Feinman, 99 NY2d at 305; Stewart Tit. Ins. Co. v Wingate, Kearney & Cullen, 134 AD3d 924, 924-925).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly dismissed the amended complaint.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court