Mid City Elec. Corp. v Peckar & Abramson (2023 NY Slip Op 01085)

Mid City Elec. Corp. v Peckar & Abramson

2023 NY Slip Op 01085

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2021-03294
 (Index No. 505935/20)

[*1]Mid City Electrical Corporation, et al., respondents- appellants, 
v
Peckar & Abramson, etc., et al., appellants-respondents, et al., defendant.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for appellants-respondents.
Pacheco Group, PLLC, Brooklyn, NY (Carmen A. Pacheco and Ruben Huertero of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants Peckar & Abramson, Charles E. Williams III, and Christopher Bletsch appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated April 12, 2021. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted by the plaintiff Mid City Electrical Corporation against them. The order, insofar as cross-appealed from, granted that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted by the plaintiffs Terric McFarlin and John J. Holzer against them.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Peckar & Abramson, Charles E. Williams III, and Christopher Bletsch which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted by the plaintiff Mid City Electrical Corporation against them is granted; and it is further,
ORDERED that the cross-appeal by the plaintiff Mid City Electrical Corporation is dismissed, as that plaintiff is not aggrieved by the portion of the order cross-appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from by the plaintiffs Terric McFarlin and John J. Holzer; and it is further,
ORDERED that one bill of costs is awarded to the defendants Peckar & Abramson, Charles E. Williams III, and Christopher Bletsch.
The plaintiffs, Mid City Electrical Corporation (hereinafter Mid City) and its owners, Terric McFarlin and John J. Holzer, commenced this action, inter alia, to recover damages for legal malpractice against, among others, the defendants Peckar & Abramson, Charles E. Williams III, and Christopher Bletsch (hereinafter collectively the defendants). The plaintiffs alleged that by letter [*2]dated September 18, 2015, the New York State Department of Transportation proposed to terminate the status of Mid City as a disadvantaged business enterprise (hereinafter DBE). Thereafter, Mid City retained the services of the defendants to litigate a challenge to that proposal. After unsuccessfully appealing to the New York State Department of Transportation directly, the defendants commenced a proceeding pursuant to CPLR article 78 on behalf of Mid City to stay the termination of its status as a DBE. That proceeding was dismissed on the ground that Mid City failed to file an appeal with the United States Department of Transportation. The order and judgment dismissing that proceeding was affirmed by the Appellate Division, First Department (see Matter of Mid City Elec. Corp. v Metropolitan Transp. Auth., 148 AD3d 497, 498).
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated April 12, 2021, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted by McFarlin and Holzer against them, and denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted by Mid City against them. The defendants appeal and the plaintiffs cross-appeal.
"In determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815 [internal quotation marks omitted]).
To recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship (see Siemsen v Mevorach, 160 AD3d 1004, 1005; Volpe v Canfield, 237 AD2d 282, 283). "It is well established that, with respect to attorney malpractice, absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (Rovello v Klein, 304 AD2d 638, 638). "The unilateral belief of a plaintiff alone does not confer upon him or her the status of a client" (Lombardi v Lombardi, 127 AD3d 1038, 1042 [internal quotation marks omitted]).
Here, the retainer agreement established that the contractual attorney-client relationship existed between only Mid City and the defendants. Moreover, there are no allegations to suggest that McFarlin or Holzer believed that the defendants were representing them, or that McFarlin or Holzer were "foreseeable third-party beneficiar[ies]" of the retainer agreement (Good Old Days Tavern v Zwirn, 259 AD2d 300, 300; see Moran v Hurst, 32 AD3d 909, 911). Since McFarlin and Holzer were not in privity with the defendants, the Supreme Court correctly directed dismissal of the legal malpractice cause of action insofar as asserted by McFarlin and Holzer against the defendants.
With respect to the legal malpractice cause of action insofar as asserted by Mid City against the defendants, the complaint was required to contain factual information showing that the attorneys' actions, inter alia, proximately caused Mid City to sustain actual and ascertainable damages (see Gorbatov v Tsirelman, 155 AD3d 836, 838). "'An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence, the plaintiff would have succeeded on the merits of the underlying action, or would not have sustained actual and ascertainable damages'" (Nill v Schneider, 173 AD3d 753, 755, quoting Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 50). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Denisco v Uysal, 195 AD3d 989, 991 [internal quotation marks omitted]).
Here, even accepting the facts alleged in the complaint as true, and according Mid City the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87), the complaint failed to plead specific factual allegations demonstrating that, but for the defendants' alleged negligence, there would have been a more favorable outcome regarding the termination of Mid City's status as a DBE (see Rudovic v Law Off. of Timothy A. Green, 200 AD3d at 815; Denisco [*3]v Uysal, 195 AD3d at 991; Cusimano v Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 118 AD3d 542, 542). The allegation that Mid City lost the opportunity to pursue an administrative appeal, without any indication that the appeal would be successful, is insufficient to state a claim (see Coccia v Liotti, 70 AD3d 747, 754). Similarly, the allegation that Mid City would have been recertified as a DBE had the defendants requested a hearing, rather than having filed a written response to the initial letter proposing termination of its status as a DBE, is speculative and conclusory (see Densico v Uysal, 195 AD3d at 991).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the legal malpractice cause of action insofar as asserted by McFarlin and Holzer against them, but should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the legal malpractice cause of action insofar as asserted by Mid City against them.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court