126 Main St., LLC v Kriegsman (2023 NY Slip Op 03758)

126 Main St., LLC v Kriegsman

2023 NY Slip Op 03758

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-04527
 (Index No. 604803/18)

[*1]126 Main Street, LLC, respondent,
v
Alex Kriegsman, et al., appellants.

Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, Merril S. Biscone, and Todd Belous of counsel), for appellants.
Rappaport, Glass, Levine & Zullo, LLP (Alexander J. Wulwick, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated May 13, 2020. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
In March 2018, the plaintiff commenced this action to recover damages for legal malpractice arising out of the defendants' prior legal representation of it in connection with a purchase agreement of the plaintiff's restaurant business. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, inter alia, that the complaint failed to state a cause of action. The plaintiff opposed the motion. In an order dated May 13, 2020, the Supreme Court denied the defendants' motion. The defendants appeal.
"'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505, quoting Dempster v Liotti, 86 AD3d 169, 176; see Silverman v Eccleston Law, LLC, 208 AD3d 705, 706). "To establish causation in a legal malpractice action, 'a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505, quoting Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442). "'Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative'" (Denisco v Uysal, 195 AD3d 989, 991, quoting Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848; see York v Frank, 209 AD3d 804, 807). Here, the plaintiff failed to state a cause of action to recover damages for legal malpractice because the plaintiff's allegation that the restaurant would have had increased profits but for the defendants' alleged malpractice is [*2]conclusory and speculative (see York v Frank, 209 AD3d at 807; Denisco v Uysal, 195 AD3d at 991).
We need not reach the defendants' remaining contention in light of our determination.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court