May Dock Lane, LLC v Harras Bloom & Archer, LLP (2023 NY Slip Op 06244)

May Dock Lane, LLC v Harras Bloom & Archer, LLP

2023 NY Slip Op 06244

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2021-07557
 (Index No. 602456/21)

[*1]May Dock Lane, LLC, respondent, 
v
Harras Bloom & Archer, LLP, et al., appellants, et al., defendants.

Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, David S. Wilck, Deborah M. Isaacson, and Stuart M. Bodoff of counsel), for appellants.
Law Offices of Stephen R. Stern. P.C., Melville, NY (Stephen R. Stern and Sloan J. Zarkin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants Harras Bloom & Archer, LLP, and Paul Bloom appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered September 29, 2021. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Harras Bloom & Archer, LLP, and Paul Bloom which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted against them is granted.
The plaintiff commenced this action, inter alia, to recover damages for legal malpractice against, among others, Harras Bloom & Archer, LLP, and Paul Bloom (hereinafter together the defendants). The plaintiff alleged, among other things, that it retained the defendants to assist with its purchase of certain real property, which the plaintiff intended to subdivide into four lots, and that due to the defendants' deficient representation, the plaintiff was only able to subdivide the property into three lots. The plaintiff also alleged that due to the defendants' deficient representation, the owners of adjacent property refused to honor an easement to use a dock and beach area on their property for two of the three subdivided lots on the property acquired by the plaintiff. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted against them. In an order entered September 29, 2021, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 87). Further, "[w]here a court considers evidentiary material in determining a motion to dismiss a complaint [*2]pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Langley v Melville Fire Dist., 213 AD3d at 750 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"To state a cause of action to recover damages for legal malpractice, [a] plaintiff [must] allege that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Jean-Paul v Rosenblatt, 208 AD3d 652, 653 [internal quotation marks omitted]). "To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP, 118 AD3d 968, 970; see Rabasco v Buckheit & Whelan, P.C., 206 AD3d 770, 771). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Mid City Elec. Corp. v Peckar & Abramson, 214 AD3d 646, 649 [internal quotation marks omitted]).
Here, even accepting the facts as alleged in the amended complaint to be true and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the amended complaint failed to state a cause of action for legal malpractice. To the extent the amended complaint alleged that due to the defendants' deficient representation, the plaintiff could not make use of an easement on the adjacent property for two of the three subdivided lots, the plaintiff's allegations were conclusory and speculative (see 126 Main St., LLC v Kriegsman, 218 AD3d 524). Moreover, while the amended complaint alleged that a typo in an assignment of easement prepared by the defendants proximately caused the plaintiff to be subjected to a separate lawsuit regarding the easement, the defendants' evidentiary submissions demonstrated that the typo was not a basis for the separate action.
Furthermore, the evidentiary submissions demonstrated that the plaintiff chose to submit a new proposal to subdivide its property into three lots following a suggestion made during a Planning Board meeting to consider changing the plan from a four-lot subdivision to a three-lot subdivision. Thus, the defendants demonstrated that material facts alleged in the amended complaint with respect to the allegation that the defendants proximately caused the plaintiff to only be able to subdivide the property into three lots were not facts at all, and that no significant dispute exists regarding them (see 50 Clarkson Partners, LLC v Old Republic Natl. Tit. Ins. Co., 206 AD3d 956, 958). Moreover, the amended complaint failed to set forth facts sufficient to allege that the defendants' representation proximately caused the plaintiff to incur expenses associated with delays in the approval of the plaintiff's application for subdivision.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice insofar as asserted against them.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court