Matter of Pynn v Pynn (2023 NY Slip Op 06606)

Matter of Pynn v Pynn

2023 NY Slip Op 06606

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

668 CAF 22-01971

[*1]IN THE MATTER OF STACEY PYNN, PETITIONER-APPELLANT,
v
MATTHEW PYNN, RESPONDENT-RESPONDENT. 

STACEY PYNN, PETITIONER-APPELLANT PRO SE. 
MATTHEW PYNN, RESPONDENT-RESPONDENT PRO SE.
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Niagara County (Keith D. Kibler, A.J.), dated November 28, 2022, in proceedings pursuant to Family Court Act article 8. The order dismissed the petitions and precluded petitioner from filing any request for relief in Family Court, Niagara County, without permission of the Court or without an attorney. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced these two family offense proceedings in September 2022 and November 2022, respectively, alleging that respondent committed numerous family offenses (see generally Family Ct Act § 812). Respondent moved, inter alia, to dismiss the petitions. Petitioner, pro se, now appeals from an order that, inter alia, granted respondent's motion to that extent without a hearing. We affirm.
"Family Court has jurisdiction to adjudicate family offense petitions concerning acts that constitute certain violations of the Penal Law" (Matter of Tammy TT. v Charles TT., 204 AD3d 1336, 1336-1337 [3d Dept 2022]). It is well settled that "[a] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708 [2d Dept 2016]; see Matter of Rohrback v Monaco, 173 AD3d 1774, 1774 [4th Dept 2019]).
With respect to petitioner's September 2022 family offense petition, petitioner has not challenged on appeal the court's dispositive determination that the petition was conclusory and devoid of specificity and, therefore, failed to state a cause of action. Thus, affirmance of that part of the order concerning the September 2022 petition is warranted based on petitioner's " 'fail[ure] to address th[at] basis for the court's decision' " (Papaj v County of Erie, 211 AD3d 1617, 1619 [4th Dept 2022]). In any event, although petitioner has not addressed that basis for the court's decision, we likewise conclude that the September 2022 petition did not adequately allege conduct constituting a qualifying family offense (see Matter of Jones v Rodriguez, 209 AD3d 652, 653 [2d Dept 2022]; Matter of Marino v Marino, 110 AD3d 887, 887-888 [2d Dept 2013]).
With respect to the November 2022 proceeding, respondent sought dismissal of the petition therein on, inter alia, the ground that it failed to state a cause of action. Although that ground was not the basis for the court's dismissal of the November 2022 petition, respondent properly raises it as an alternative ground for affirmance with respect to the dismissal of that petition (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; York v Frank, 209 AD3d 804, 806 [2d Dept 2022]; Dutton v Young Men's Christian Assn. of [*2]Buffalo Niagara, 207 AD3d 1038, 1044-1045 [4th Dept 2022]). We conclude that the November 2022 petition, like the September 2022 petition, failed to state a cause of action inasmuch as it did not set forth specific factual allegations that, if proven, would establish that respondent committed a qualifying family offense (see Jones, 209 AD3d at 653; Marino, 110 AD3d at 887-888).
Finally, we have considered petitioner's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court