D'Adamo v Cohen (2024 NY Slip Op 05956)

D'Adamo v Cohen

2024 NY Slip Op 05956

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-07128
 (Index No. 57729/22)

[*1]Danny D'Adamo, et al., appellants, 
v
Warren L. Cohen, et al., respondents.

Bronson Law Offices, P.C., Harrison, NY (H. Bruce Bronson of counsel), for appellants.
Kaufman Dolowich Voluck, LLP, Woodbury, NY (Jonathan B. Isaacson of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated July 27, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to recover damages for legal malpractice allegedly arising out of the defendants' past legal representation of them. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated July 27, 2022, the Supreme Court granted the defendants' motion. The plaintiffs appeal from so much of that order as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 87). "Further, where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (May Dock Lane, LLC v Harras Bloom & Archer, LLP, 222 AD3d 635, 636-637 [alterations and internal quotation marks omitted]).
"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505 [internal quotation marks omitted]; see Dempster v Liotti, 86 AD3d 169, [*2]176). "To establish causation in a legal malpractice action, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505 [internal quotation marks omitted]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442).
A plaintiff must plead "actual, ascertainable damages as a result of an attorney's negligence. Mere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice" (Dempster v Liotti, 86 AD3d at 177 [citation, alterations, and internal quotation marks omitted]; see Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli, 215 AD3d 699, 703). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Alexim Holdings, LLC v McAuliffe, 221 AD3d 641, 643 [internal quotation marks omitted]; see York v Frank, 209 AD3d 804, 807).
Here, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging legal malpractice. The plaintiffs' claims regarding the consequences and damages flowing from the defendants' alleged failure to request that a title company provide a title report by a certain date are conclusory and speculative (see May Dock Lane, LLC v Harras Bloom & Archer, LLP, 222 AD3d at 637; 126 Main St., LLC v Kriegsman, 218 AD3d 524, 525; Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox, 112 AD3d 909, 910).
The plaintiffs' remaining contention is without merit.
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court