GERARD M. SCHILLER, M.D., Appellant, v BENDER, BURROWS AND ROSENTHAL, LLP, et al., Respondents. [983 NYS2d 594]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (O. Bellantoni, J.), entered May 25, 2012, as, upon an order of the same court dated April 25, 2012, among other things, granting those branches of the motion of the defendants Bender, Burrows and Rosenthal, LLP, Bender, Rosenthal Isaacs & Richter, LLP, Susan Bender, and Michael Etzrodt, and those branches of the separate motion of the defendants Advocate & Lichtenstein, LLP, and Jason Advocate, which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first, second, fourth, fifth, and sixth causes of action insofar as asserted against each of them, is in favor of the defendants and against him, dismissing those causes of action.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff commenced this action against Bender, Burrows and Rosenthal, LLP, Bender, Rosenthal Isaacs & Richter, LLP, Susan Bender, and Michael Etzrodt (hereinafter collectively the Bender defendants), who represented him in a matrimonial action, and Advocate & Lichtenstein, LLP, and Jason Advocate (hereinafter together the Advocate defendants), who represented him in a related action against his former wife concerning the termination of their joint medical practice. In April 2008, the plaintiff and his former wife entered into a stipulation of settlement (hereinafter the settlement) with regard to both underlying actions. In the complaint, the plaintiff alleged, inter alia, that the Bender defendants and the Advocate defendants coerced him into settling, and that the settlement was deficient in several respects. The first and second causes of action alleged violations of Judiciary Law § 487, the fourth cause of action alleged legal malpractice, the fifth cause of action alleged breach

of fiduciary duty, and the sixth cause of action alleged breach of contract. The Supreme Court, inter alia, dismissed those causes of action.

A motion to dismiss on the basis of CPLR 3211 (a) (1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiff's factual allegations or conclusively disposes of the plaintiff's claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Held v Kaufman*, 91 NY2d 425, 430-431 [1998]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts alleged in the complaint as true and afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Baron v Galasso*, 83 AD3d 626, 628 [2011]).

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]). Furthermore, "[t]o establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (*Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005]).

Here, the Supreme Court properly determined that the Bender defendants and the Advocate defendants were entitled to dismissal of the legal malpractice cause of action pursuant to CPLR 3211 (a) (1) and (7). Their documentary evidence, which comprised the transcript of the court proceedings setting forth the terms of the settlement of the underlying actions, conclusively established that the plaintiff was not coerced into settling (*see Pacella v Whiteman Osterman & Hanna*, 14 AD3d 545, 545-546 [2005]; *Laruccia v Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn*, 295 AD2d 321, 322 [2002]). The plaintiff's allegations that he was coerced into settling the litigation were utterly refuted by his own admissions during the settlement proceeding that he had discussed the terms of the settlement

with his attorneys, that he understood the settlement terms and had no questions about them, that he was entering into the settlement freely, of his own volition, and without undue influence or coercion, and that he was satisfied with his legal representation (*see Boone v Bender*, 74 AD3d 1111, 1113 [2010]). Additionally, the Supreme Court properly determined that the remaining allegations in the complaint were insufficient to show that the plaintiff stated a cause of action to recover damages for legal malpractice (*see Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 848 [2012]; *Dempster v Liotti*, 86 AD3d 169, 176 [2011]; *Wald v Berwitz*, 62 AD3d 786, 787 [2009]). The plaintiff's allegations amounted to nothing more than hindsight criticism of counsels' reasonable course of action (*see Dweck Law Firm v Mann*, 283 AD2d 292, 293 [2001]). "The fact that the plaintiff subsequently was unhappy with the settlement obtained . . . does not rise to the level of legal malpractice" (*Holschauer v Fisher*, 5 AD3d 553, 554 [2004]). Moreover, the plaintiff failed to plead specific factual allegations showing that, had he not settled, he would have obtained a more favorable outcome (*see Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813 [2013]; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d at 1083; *Dweck Law Firm v Mann*, 283 AD2d at 293; *Rau v Borenkoff*, 262 AD2d 388, 389 [1999]). Accordingly, the Supreme Court properly granted those branches of the separate motions of the Bender defendants and the Advocate defendants which were to dismiss the legal malpractice cause of action pursuant to both CPLR 3211 (a) (1) and (7).

Contrary to the plaintiff's contentions, the Supreme Court properly dismissed the fifth and sixth causes of action alleging, respectively, breach of fiduciary duty and breach of contract. Both of these causes of action are predicated upon the plaintiff's allegations that the defendants deviated from accepted standards of legal practice in advising him with regard to the settlement, the same allegations which are insufficient to state a cause of action to recover damages for legal malpractice. Accepting the allegations as true and affording the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d at 87), the plaintiff failed to state a cause of action for breach of fiduciary duty (*see Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]), and for breach of contract (*see Santulli v Englert, Reilly & McHugh*, 78 NY2d 700 [1992]; *Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox*, 112 AD3d 909 [2013]; *Palmieri v Biggiani*, 108 AD3d 604, 608 [2013]; *cf. Mecca v Shang*, 258 AD2d 569, 570 [1999]).

Additionally, the Supreme Court properly dismissed the first

and second causes of action, which alleged violations of Judiciary Law § 487, since the first cause of action did not allege sufficient facts to demonstrate an intent to deceive the court or any party, while the second cause of action, based on allegations that the defendants engaged in an extreme and chronic pattern of legal delinquency, is not legally recognized (*see Dupree v Voorhees*, 102 AD3d 912, 913 [2013]; *Agostini v Sobol*, 304 AD2d 395, 396 [2003]; *Goldner v Sullivan, Gough, Skipworth, Summers & Smith*, 105 AD2d 1149, 1151 [1984]).

Accordingly, we affirm the judgment insofar as appealed from. Skelos, J.P., Chambers, Hall and Miller, JJ., concur.