Katsoris v Bodnar & Milone, LLP (2020 NY Slip Op 05040)





Katsoris v Bodnar & Milone, LLP


2020 NY Slip Op 05040


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2019-01951
 (Index No. 52088/18)

[*1]Louis Katsoris, appellant, 
v
Bodnar & Milone, LLP, respondent.


Louis C. Katsoris, named herein as Louis Katsoris, Harrison, NY, appellant pro se.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 31, 2018. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleged that he retained the defendant to represent him in a matrimonial action against his wife. According to the complaint, about one month after the note of issue was filed in the underlying matrimonial action, the plaintiff terminated the defendant's services and retained another law firm. The plaintiff thereafter settled the underlying matrimonial action by entering into a written stipulation. The plaintiff subsequently commenced this action against the defendant to recover damages for legal malpractice and breach of fiduciary duty. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Dinger v Cefola, 133 AD3d 816, 817; see Leon v Martinez, 84 NY2d 83, 87-88). Here, we agree with the Supreme Court's determination that the plaintiff failed to adequately plead a cause of action to recover damages for either legal malpractice or breach of fiduciary duty.
"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Dempster v Liotti, 86 AD3d 169, 176 [internal quotation marks omitted]; see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40; Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 441). As to the first prong, "[a]n attorney may be liable for ignorance of the rules of practice, for failure [*2]to comply with conditions precedent to suit, for neglect to prosecute or defend an action, or for failure to conduct adequate legal research" (Conklin v Owen, 72 AD3d 1006, 1007; see Dempster v Liotti, 86 AD3d at 176). However, the Court of Appeals has recognized, as a matter of law, that "[the] selection of one among several reasonable courses of action does not constitute malpractice" (Rosner v Paley, 65 NY2d 736, 738; see Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 846-847; Bernstein v Oppenheim & Co., 160 AD2d 428, 430).
To establish causation in a legal malpractice action, "a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (Bernstein v Oppenheim & Co., 160 AD2d at 430; see Leiner v Hauser, 120 AD3d 1310, 1311; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 813; Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083). "[A] plaintiff must plead and prove actual, ascertainable damages as a result of an attorney's negligence" (Dempster v Liotti, 86 AD3d at 177). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848 [citations omitted]; see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 909-910; Dempster v Liotti, 86 AD3d at 177; Hashmi v Messiha, 65 AD3d 1193, 1195; Riback v Margulis, 43 AD3d 1023, 1023).
Here, the complaint failed to adequately allege actual, ascertainable damages. The general allegations that, as a result of the alleged acts of malpractice, the plaintiff was caused to incur "additional legal fees," and caused to suffer "financial damages and expense," "adverse financial consequences," and "direct financial damage," were all conclusory and inadequate to constitute "actual, ascertainable damages" (Dempster v Liotti, 86 AD3d at 177). To the extent that the complaint addressed the plaintiff's settlement, the complaint alleged that the defendant's negligence in its handling of the divorce action caused the plaintiff to suffer "direct prejudice . . . in both trial and/or settlement," and that, but for such negligence, the plaintiff "would have fared far better at trial and/or in settlement of the Divorce Action." These allegations are conclusory and lack any factual support, and they are inadequate to sufficiently allege that the stipulation of settlement that the plaintiff entered into with his former wife was "effectively compelled" by the mistakes of counsel (Rau v Borenkoff, 262 AD2d 388, 389; see Benishai v Epstein, 116 AD3d 726, 728). "The fact that the plaintiff subsequently was unhappy with the settlement [he] obtained . . . does not rise to the level of legal malpractice" (Holschauer v Fisher, 5 AD3d 553, 554). "Moreover, the plaintiff failed to plead specific factual allegations showing that, had he not settled, he would have obtained a more favorable outcome" (Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 758; see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 813; Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d at 1083; Dweck Law Firm v Mann, 283 AD2d 292, 293; Rau v Borenkoff, 262 AD2d at 389). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, alleging legal malpractice.
We also agree with the Supreme Court's determination to grant that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, which alleged breach of fiduciary duty. The second cause of action was duplicative of the legal malpractice cause of action, as it arose from the same operative facts, and did not allege different and distinct damages (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 712; Gorunkati v Baker Sanders, LLC, 179 AD3d 904; Courtney v McDonald, 176 AD3d 645, 645-646; Urias v Daniel P. Buttafuoco & Assoc., PLLC, 173 AD3d 1244, 1245; Attallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d 1026, 1029; Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C., 159 AD3d 683, 684-685).
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court