MTGLQ Invs., L.P. v Makhnevich (2022 NY Slip Op 00423)





MTGLQ Invs., L.P. v Makhnevich


2022 NY Slip Op 00423


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-14788
2019-01774
 (Index No. 523230/17)

[*1]MTGLQ Investors, L.P., respondent,
v
Stacy Makhnevich, appellant, et al., defendants.


Stacy Makhnevich, Brooklyn, NY, appellant pro se.
Druckman Law Group, PLLC, Westbury, NY (Maria Sideris of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stacy Makhnevich appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 20, 2018, and (2) an order of the same court dated February 1, 2019. The order dated November 20, 2018, denied that defendant's motion to dismiss the complaint insofar as asserted against her. The order dated February 1, 2019, insofar as appealed from, denied that defendant's motion for leave to renew her prior motion to dismiss the complaint insofar as asserted against her.
ORDERED that the order dated November 20, 2018, is affirmed; and it is further,
ORDERED that the order dated February 1, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2007, the defendant Stacy Makhnevich (hereinafter the defendant) executed a note in the amount of $212,800, which was secured by a mortgage encumbering certain real property in Brooklyn. The note and mortgage were subsequently assigned to the plaintiff. In December 2017, the plaintiff commenced this action to foreclose on the mortgage. Appearing pro se, the defendant moved to dismiss the complaint insofar as asserted against her on the ground that the plaintiff failed to demonstrate that it complied with the notice of default provision of the mortgage agreement. In an order dated November 20, 2018, the Supreme Court denied the motion. Subsequently, the defendant, again appearing pro se, moved for leave to renew her prior motion to dismiss the complaint insofar as asserted against her. In an order dated February 1, 2019, the Supreme Court, inter alia, denied the defendant's motion for leave to renew. The defendant appeals from both orders.
Contrary to the defendant's contention, affording the papers on her motion to dismiss the complaint insofar as asserted against her a liberal interpretation in view of her status as a pro se litigant (see generally Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176), the Supreme Court correctly deemed the motion as seeking dismissal solely on the ground that the plaintiff failed to [*2]demonstrate that it complied with the notice of default provision of the mortgage agreement. The court properly declined to review the defendant's contention that the complaint should be dismissed insofar as asserted against her for lack of personal jurisdiction, since she sought this relief for the first time in her reply papers (see US Bank N.A. v Oliver, 180 AD3d 843, 843-844).
The Supreme Court also correctly denied the defendant's motion for leave to renew her prior motion, "as she failed to present any new facts that would change the prior determination" (Cesarz v O'Reilly, 194 AD3d 1007, 1008).
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court