Williams v Silverstone (2023 NY Slip Op 01917)

Williams v Silverstone

2023 NY Slip Op 01917

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-07862
 (Index No. 508643/20)

[*1]Nicole Williams, appellant,
v
Stanley J. Silverstone, etc., respondent.

Maker, Fragale & Di Costanzo LLP, Rye, NY (Constantino Fragale of counsel), for appellant.
Furman Kornfeld & Brennan LLP, Elmsford, NY (Christopher D. Skoczen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 1, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a former Superintendent of Schools of the Poughkeepsie City School District (hereinafter the school district), retained the defendant attorney to represent her in connection with disputes (hereinafter the underlying matters) concerning, inter alia, the enforceability of her employment agreement with the Board of Education of the school district (hereinafter the Board). Members of the Board, among other things, sought to declare the plaintiff's employment agreement null and void. Subsequently, the plaintiff settled the underlying matters with the Board by entering into a separation and settlement agreement.
Thereafter, the plaintiff commenced this action against the defendant to recover damages for legal malpractice and breach of fiduciary duty. The defendant moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. In an order dated October 1, 2020, the Supreme Court granted the motion on the ground that the complaint failed to state a cause of action. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505). Where, as here, the defendant submitted evidentiary material in support of his motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, the criterion becomes whether the plaintiff has a cause of action, not whether one is stated (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Jean-Paul v Rosenblatt, 208 AD3d 652, 653).
To state a cause of action to recover damages for legal malpractice, a plaintiff is [*2]required to allege (1) that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession"; and (2) "that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Jean-Paul v Rosenblatt, 208 AD3d at 653 [internal quotation marks omitted]; see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505). As to the first prong, an attorney may be liable, inter alia, for neglect to prosecute or defend an action (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505; Dempster v Liotti, 86 AD3d 169, 176-177). However, even if a plaintiff establishes the first prong, the plaintiff must still plead specific factual allegations demonstrating that he or she would have succeeded on the merits of the action but for the attorney's negligence (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 653; Dempster v Liotti, 86 AD3d at 176-177). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Jean-Paul v Rosenblatt, 208 AD3d at 653 [internal quotation marks omitted]; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 716).
Here, even if the defendant had been negligent in his representation of the plaintiff in connection with the underlying matters, viewing the complaint in the light most favorable to the plaintiff (see Leon v Martinez, 84 NY2d at 87-88), it failed to plead specific factual allegations demonstrating that, but for the defendant's alleged negligence, there would have been a more favorable outcome in the underlying matters or that the plaintiff would not have incurred any damages (see York v Frank, 209 AD3d 804, 807; Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506; Benishai v Epstein, 116 AD3d 726, 728). The plaintiff's general contentions that but for the defendant's negligence, she "would have litigated her claims against the Board, or in the alternative, procured a settlement agreement with better terms of compensation and otherwise far more beneficial" are speculative and, as such, cannot serve as a basis for a legal malpractice claim (see Jean-Paul v Rosenblatt, 208 AD3d at 653; Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506). "The fact that the plaintiff subsequently was unhappy with the settlement [she] obtained . . . does not rise to the level of legal malpractice" (Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506 [internal quotation marks omitted]; see Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 758; Holschauer v Fisher, 5 AD3d 553, 554).
The cause of action to recover damages for breach of fiduciary duty "was duplicative of the legal malpractice cause of action, as it arose from the same operative facts, and did not allege different and distinct damages" (Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1507; see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813). In any event, the plaintiff's allegations that, but for the defendant's alleged breach of fiduciary duty, she would have litigated the underlying matters and prevailed with respect to the enforceability of her employment agreement and received the full economic benefits therein are purely speculative (see Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin, 197 AD3d 1268, 1272; Mann v Sasson, 186 AD3d 823, 824).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
The parties' remaining contentions are without merit.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court