Floral Park Ophthalmology, P.C. v Ruskin Moscou Faltischek, LLP (2023 NY Slip Op 02863)

Floral Park Ophthalmology, P.C. v Ruskin Moscou Faltischek, LLP

2023 NY Slip Op 02863

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-00656
 (Index No. 602899/19)

[*1]Floral Park Ophthalmology, P.C., et al., appellants,
v
Ruskin Moscou Faltischek, LLP, et al., respondents.

Judah S. Shapiro (R. Thomas Masters, Garden City, NY, of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Marian C. Rice of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered December 11, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2019, the plaintiffs commenced this action against the defendants, former counsel to the plaintiffs, inter alia, to recover damages for legal malpractice. The plaintiffs alleged, among other things, that the defendants committed legal malpractice in their representation of the plaintiffs in a breach of contract action commenced by the plaintiffs against a nonparty medical billing services provider (hereinafter the underlying action) and, with respect to the plaintiff Lawrence F. Jindra, in a "disability insurance claim matter." According to the plaintiffs, the defendants pressured the plaintiffs to "drop" the underlying action. The plaintiffs also alleged, inter alia, that the defendants, through legal nonfeasance, caused Jindra's disability insurance policy to lapse. Thereafter, the defendants moved to dismiss the complaint based on documentary evidence, the expiration of the statute of limitations, and the failure to state a cause of action. As is relevant to the appeal, by order entered December 11, 2019, the Supreme Court granted that branch of the defendants' motion which was to dismiss the cause of action alleging legal malpractice. The plaintiffs appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505 [internal quotation marks omitted]; see Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 822). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Katsoris v Bodnar & [*2]Milone, LLP, 186 AD3d at 1505 [internal quotation marks omitted]; see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 812). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506 [internal quotation marks omitted]). "[A] plaintiff must [also] show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence" (Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d at 823) and that the attorney's negligence caused actual and ascertainable damages (see McCoy v Feinman, 99 NY2d 295, 301-302). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 757 [internal quotation marks omitted]).
Here, the plaintiffs failed to plead that, but for the defendants' negligence, they would have prevailed in the underlying action (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 813). To the contrary, as noted by the Supreme Court, it is uncontroverted that the plaintiffs settled the underlying action in order to avoid potential criminal liability for fraud. To the extent that the complaint alleged that the plaintiffs would have fared better at trial or in the settlement, the allegations in the complaint were conclusory and lacked factual support (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506). The plaintiffs' "hindsight criticism of counsels' reasonable course of action . . . does not rise to the level of legal malpractice" (Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d at 758 [citation and internal quotation marks omitted]).
With respect to so much of the cause of action alleging legal malpractice as it relates to Jinder's disability insurance claim matter, the plaintiffs also failed to set out the elements of a legal malpractice cause of action, including omitting certain basic factual information such as any allegations that the defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by any member of the legal profession and damages (see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d at 812). Moreover, the defendants established that, to the extent that the cause of action alleging legal malpractice was predicated upon Jindra's disability insurance claim matter, it was barred by the applicable statute of limitations (see Webster v Sherman, 165 AD3d 738, 741; Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d 733, 735).
Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice.
In light of the foregoing, we need not reach the parties' remaining contentions.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court