Oluwo v Mills (2024 NY Slip Op 03436)

Oluwo v Mills

2024 NY Slip Op 03436

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-01835
 (Index No. 1584/18)

[*1]Muffy Oluwo, appellant, 
v
Agnes Mills, respondent.

Muffy Oluwo, Broolyn, NY, appellant pro se.
Rothstein Law PLLC, New York, NY (Eric Rothstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated January 25, 2023. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, proceeding pro se, commenced this action against the defendant, alleging, inter alia, that he was previously employed at the same company as the defendant, and that the defendant had made defamatory statements about the plaintiff, which led to the termination of the plaintiff's employment. The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated January 25, 2023, the Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Floral Park Ophthalmology, P.C. v Ruskin Moscou Faltischek, LLP, 216 AD3d 1136, 1136, quoting Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505; see Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 939, 941).
The elements of a cause of action to recover damages "for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41). CPLR 3016(a) provides that, "[i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint." "'Compliance with CPLR 3016(a) is strictly enforced'" (Lemieux v Fox, 135 AD3d 713, 714, quoting Horbul v Mercury Ins. Group, 64 AD3d 682, 683). The complaint "must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Epifani v Johnson, 65 AD3d 224, 233; see Offor v Mercy Med. Ctr., 171 AD3d 502, 503).
Here, accepting as true the allegations in the complaint and affording a liberal reading to the complaint in view of the plaintiff's status as a pro se litigant (see MTGLQ Invs., L.P. v Makhnevich, 201 AD3d 931, 932; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1177), the complaint failed to set forth the allegedly defamatory remarks that the defendant made in an email sent to "certain individual[s] of the Board and the Executive Director," or when these alleged remarks were made, and failed to set forth when, and to whom, the defendant allegedly had made the statement that the plaintiff "wants" to kill the defendant (see CPLR 3016[a]; Starr v Akdeniz, 162 AD3d 948, 950; Golia v Vieira, 162 AD3d 865, 869).
To the extent the complaint purports to allege a cause of action to recover damages for harassment, the Supreme Court properly determined that "New York does not recognize a common-law cause of action alleging harassment" (Mago, LLC v Singh, 47 AD3d 772, 773; see Trec v Cazares, 185 AD3d 866, 868).
Further, the complaint failed to state a cause of action to recover damages for intentional infliction of emotional distress. "The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). "In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege 'conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Ratto v Oliva, 195 AD3d 870, 873, quoting Murphy v American Home Prods. Corp., 58 NY2d 293, 303). Here, accepting as true the allegations in the complaint, the alleged conduct did not satisfy that rigorous standard (see Davydov v Youssefi, 205 AD3d 881, 883; Benjamin v Assad, 186 AD3d 549, 550).
We have not considered any material in the record on appeal that was not before the Supreme Court in determining the defendant's motion (see Eastern Funding LLC v San Jose 63 Corp., 172 AD3d 818, 819; Gomez v Casiglia, 67 AD3d 965, 966).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, are improperly raised for the first time in the plaintiff's reply brief, or need not be addressed in light of our determination.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court