Valentina v Beckerman (2025 NY Slip Op 04682)

Valentina v Beckerman

2025 NY Slip Op 04682

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2021-00617
2021-00618
 (Index No. 719184/19)

[*1]Sophia Valentina, appellant, 
v
Richard Beckerman, etc., et al., respondents.

Sophia Valentina, Astoria, NY, appellant pro se.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Ronald W. Weiner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), entered January 6, 2021. The judgment, upon an order of the same court entered December 21, 2020, granting the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, and upon an order of the same court also entered December 21, 2020, denying, as academic, the plaintiff's motion for leave to amend the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint. The notice of appeal from the orders is deemed to be a notice of appeal from the judgment (see id. § 5512[a]), and the appeal from the judgment will be prosecuted under Appellate Division Docket No. 2021-00617 and not under Appellate Division Docket No. 2021-00618.
ORDERED that the judgment is affirmed, with costs.
In 2019, the plaintiff, proceeding pro se, commenced this action against the defendants, asserting causes of action alleging legal malpractice, fraud, breach of contract, breach of fiduciary duty, intentional and negligent infliction of emotional distress, and sex discrimination. The plaintiff alleged, inter alia, that the defendants represented her in a matrimonial action (hereinafter the underlying action), which resulted in a settlement agreement that the plaintiff described as "unconscionable" and "fraudulent." The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, arguing, among other things, that the legal malpractice cause of action was barred by the plaintiff's allocution regarding the settlement agreement in the underlying action. The plaintiff opposed the motion and thereafter moved for leave to amend the complaint. In an order entered December 21, 2020, the Supreme Court granted the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In a separate order also entered December 21, 2020, the court denied, as academic, the plaintiff's motion for leave to amend the complaint. A judgment entered January 6, 2021, upon the orders, dismissed the complaint. The plaintiff appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (374-76 Prospect Place Tenants Assn., Inc. v City of New York, 231 AD3d 911, 912 [*2][internal quotation marks omitted]; see Klein v Catholic Health Sys. of Long Is., Inc., 231 AD3d 797, 798). "For the purpose of CPLR 3211(a)(1), judicial records . . . , the contents of which are essentially undeniable, would qualify as documentary evidence" (Oparaji v ABN Amro Mtge. Group, Inc., 202 AD3d 985, 987 [internal quotation marks omitted]). "On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (374-76 Prospect Place Tenants Assn., Inc. v City of New York, 231 AD3d at 913; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Glenwayne Dev. Corp v James J. Corbett, P.C., 175 AD3d 473, 473-474 [internal quotation marks omitted]; see Givens v De Moya, 193 AD3d 691, 693). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Glenwayne Dev. Corp v James J. Corbett, P.C., 175 AD3d at 474 [internal quotation marks omitted]). "A legal malpractice cause of action is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (id. [internal quotation marks omitted]).
Here, in support of their motion, the defendants submitted, inter alia, a transcript of the court proceeding in the underlying action containing the plaintiff's allocution conducted by the court regarding the settlement agreement, which conclusively established that the plaintiff was not effectively compelled to settle the underlying action (see Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 757-758). The plaintiff's allegations that she was coerced into settling the underlying action were utterly refuted by her admissions during that proceeding that she authorized the defendants to prepare the settlement agreement, was satisfied with the defendants' representation, was not forced to enter into the settlement agreement, and was not under the influence of stress or duress (see Glenwayne Dev. Corp v James J. Corbett, P.C., 175 AD3d at 474). Although the plaintiff alleged, among other things, that the defendants failed to obtain temporary maintenance during the pendency of the underlying action, improperly advised her that the court was required to impute income to her, and advised her of the possible pitfalls of proceeding to trial rather than settling, those actions did not proximately cause any injuries to the plaintiff since the underlying action was settled and, in light of the plaintiff's admissions in the underlying action, the "settlement of the [underlying] action was [not] effectively compelled by the mistakes of counsel" (id. [internal quotation marks omitted]). The fact that the plaintiff subsequently was unhappy with the settlement she obtained does not rise to the level of legal malpractice (see Floral Park Ophthalmology, P.C. v Ruskin Moscou Faltischek, LLP, 216 AD3d 1136, 1137; Williams v Silverstone, 215 AD3d 787, 789). Accordingly, the legal malpractice cause of action was properly dismissed.
The causes of action alleging fraud, breach of contract, breach of fiduciary duty, and intentional and negligent infliction of emotional distress were properly dismissed as duplicative of the legal malpractice cause of action insofar as they arose from the same facts and did not allege distinct damages (see Incorporated Vil. of Freeport v Albrecht, Viggiano, Zurich & Co., P.C., 226 AD3d 658, 660; Kahlon v DeSantis, 182 AD3d 588, 590). The remaining cause of action alleging sex discrimination was properly dismissed because such a cause of action arises only where an employer discriminates against an employee (see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 330; Silvers v Jamaica Hosp., 218 AD3d 817, 819) and, in any event, the plaintiff's allegations with respect to that cause of action were conclusory and speculative (see 126 Main St., LLC v Kriegsman, 218 AD3d 524, 525; Tong v Target, Inc., 83 AD3d [*3]1046, 1047).
The Supreme Court should not have denied the plaintiff's motion for leave to amend the complaint as academic under these circumstances (see LaGuardia Community Coll. Paramedic Class 23 Student John Ciafone v City of New York, 215 AD3d 653, 655). However, since the proposed amended complaint was patently devoid of merit, the plaintiff's motion for leave to amend the complaint should have been denied on the merits (see id.; Cervini v Zanoni, 95 AD3d 919, 922).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court