Stinnett v Derek Smith Law Group, PLLC (2025 NY Slip Op 04677)

Stinnett v Derek Smith Law Group, PLLC

2025 NY Slip Op 04677

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
PHILLIP HOM, JJ.

2023-09920
 (Index No. 509462/22)

[*1]Venus Stinnett, appellant, 
v
Derek Smith Law Group, PLLC, et al., respondents, et al., defendants.

Victor M. Serby, Woodmere, NY, for appellant.
Goldberg Segalla LLP, New York, NY (Peter J. Biging, Meghan M. Brown, and William T. O'Connell of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated August 16, 2023. The order granted the motion of the defendants Derek Smith Law Group, PLLC, and John C. Luke, Jr., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for legal malpractice against, among others, the defendants Derek Smith Law Group, PLLC (hereinafter DSLG), and John C. Luke, Jr., who was an attorney at DSLG (hereinafter together the defendants). The plaintiff alleged, among other things, that she retained the defendants to represent her in actions against Delta Air Lines, Inc. (hereinafter Delta), and Quest Diagnostics Clinical Laboratories, Inc. (hereinafter Quest), that were either commenced in federal court or removed from state court to federal court, asserting causes of action alleging, inter alia, employment discrimination, based on gender, sex, and disability, and common-law negligence. The plaintiff also alleged that due to the defendants' negligent representation, the complaints in the underlying federal actions were dismissed. The defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against them. In an order dated August 16, 2023, the Supreme Court granted the motion. The plaintiff appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Templeton v Roach, 228 AD3d 796, 797). In an action to recover damages for legal malpractice, the plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of the duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49; D'Angelo v Kujawski, 231 AD3d 1011, 1011). To establish causation, the plaintiff must also show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's [*2]negligence (see Floral Park Ophthalmology, P.C. v Ruskin Moscou Faltischek, LLP, 216 AD3d 1136, 1137; Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 830). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1506 [internal quotation marks omitted]; see Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848).
Here, the cause of action to recover damages for legal malpractice failed to set forth facts sufficient to allege that the defendants' alleged negligence proximately caused the plaintiff to sustain actual and ascertainable damages (see Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 793, 795; Joseph v Fensterman, 204 AD3d 766, 769-771). The plaintiff's allegations that but for the defendants' alleged negligent representation her claims would have been viable and she would have received a more favorable outcome in the underlying federal actions were conclusory and speculative (see Alexim Holdings, LLC v McAuliffe, 221 AD3d 641, 644; Mid City Elec. Corp. v Peckar & Abramson, 214 AD3d 646, 649). Accordingly, the Supreme Court properly determined that dismissal of the cause of action alleging legal malpractice insofar as asserted against the defendants was warranted pursuant to CPLR 3211(a)(7).
As a general rule, where a cause of action alleging breach of contract arises from the same facts as a cause of action to recover damages for legal malpractice and does not allege distinct damages, the cause of action alleging breach of contract must be dismissed as duplicative of the cause of action to recover damages for legal malpractice (see Postiglione v Castro, 119 AD3d 920, 922; Town of N. Hempstead v Winston & Strawn, LLP, 28 AD3d 746, 749). Here, the cause of action alleging breach of contract was duplicative of the cause of action to recover damages for legal malpractice (see Dabiri v Porter, 227 AD3d 860, 861; Lam v Weiss, 219 AD3d 713, 718). The allegations supporting the cause of action alleging breach of contract were essentially identical to those supporting the cause of action to recover damages for legal malpractice and did not allege a distinct injury or distinct damages. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of contract insofar as asserted against them.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., CHRISTOPHER, WOOTEN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court